UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BIOTECHNOLOGY VALUE FUND, L.P., et al., | : : : | Civil Action No. 14-4046 (PGS) |
| Plaintiffs, | : : | |
| v. | : : : | MEMORANDUM OPINION AND ORDER |
| CELERA CORPORATION, et al., | : : | |
| Defendants. | : : | |

This matter comes before the Court on the Motion of Plaintiff Biotechnology Value Fund, et al. ("Plaintiffs") to Compel non-party Merck & Co., Inc. ("Merck") to comply with the Subpoena Duces Tecum Plaintiffs served on Merck on April 10, 2014 [dkt. no. 1]. Merck has opposed this Motion [dkt. no. 4] and Plaintiffs have filed a reply [dkt. no. 9]. For the reasons set forth herein, Plaintiffs' Motion is **GRANTED**.

I.   INTRODUCTION

The facts and procedural history of this case are well known to the parties and need not be recited at length. Briefly, the underlying action concerns allegations of securities fraud related to a merger between Celera Corporation and Quest Diagnostics Inc. See Plaintiffs' Br. at p. 1, dkt. no. 1. Plaintiffs are seeking damages based on alleged material misstatements or omissions regarding the value of Defendants' royalty interests in certain drug assets. Id. Specifically, Plaintiffs are seeking information regarding the drug asset Odanacatib, which was developed by Merck. Id. In their efforts, Plaintiffs subpoenaed non-party Merck to obtain documents regarding any evaluation of Odanacatib's worth. Merck has refused to provide Plaintiffs with any of the

1

requested information. Id. In response, Plaintiffs filed the instant Motion to Compel Merck's compliance with the Subpoena [dkt. no. 1].

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 45(d)(2)(B)(I) sets forth the procedure by which the Court may compel compliance with a Subpoena. In pertinent part, the Rule provides, "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." It should be noted that the permissible scope of discovery under Rule 45 is the same as under Rule 26(b). See In re Rehberger, No. 13-831 (MLC), 2013 U.S. Dist. LEXIS 71453, at *7 (D.N.J. May 21, 2013) (citing OMS Invs., Inc. v. Lebanon Seaboard Corp., No. 08-2681 (AET), 2008 U.S. Dist. LEXIS 94165, at * 2 (D.N.J. Nov. 18, 2008)). If the subpoenaing party shows the documents sought to be relevant, the resisting non-party must "explain why discovery should not be permitted." Miller v. Allstate Fire & Cas. Ins. Co., No. 07-260, 2009 U.S. LEXIS 21225, at *4 (W.D. Pa. Mar. 17, 2009) (citation omitted).

However, the Court's ability to force compliance with a Subpoena is limited by Rule 45(d), which provides:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees–on a party or attorney who fails to comply.

Under Rule 45, "courts have significant discretion" to quash or modify a Subpoena where the discovery sought is irrelevant, or compliance with the subpoena would be "unreasonable and oppressive." First Sealord Sur. v. Dunkin & Devries Ins. Agency, 918 F. Supp. 2d 362, 383 (E.D. Pa. 2013) (citing Fed. R. Civ. P. 45).

In applying Rules 26 and 45, the Court must balance several competing factors in assessing the reasonableness of a subpoena: (1) relevance, (2) the need of the party for the documents, (3) the breadth of the document request, (4) the time period covered by it, (5) the particularity with which the documents are described, (6) the burden imposed, and (7) the subpoena recipient's status as a nonparty to the litigation. See generally Halpin v. Barnegat Bay Dredging Co., Civ. A. No. 10-3245, 2011 WL 2559678, at *12 (D.N.J. June 27, 2011); OMS Invs. v. Lebanon Seaboard Corp., No. 08-2681, 2008 WL 4952445, at *3 (D.N.J. Nov. 18, 2008).

## III. DISCUSSION

Plaintiffs seek to compel Merck to produce documents that reflect any analysis or valuation prepared for (or by) Merck concerning Odanacatib. See Pls.' Br. at p. 1. Plaintiffs maintain that Defendants' allegedly false or misleading statements or omissions with respect to valuing their royalty stake in Odanacatib make Merck's information valuable, since such an analysis could shed light on the extent to which Defendants' valuations of Odanacatib were erroneous. "As Odanacatib's primary developer," Plaintiffs contend, "Merck occupies a unique position to provide information touching on the drug's value that Plaintiffs cannot obtain from any other source." Id. at 1. Further, Plaintiffs argue that their narrowed document request does not pose the undue burden which Defendants allege and, moreover, Defendants fail to meet the requirements to show that Plaintiffs' request imposes an undue burden upon them. Id. at p. 7. Lastly, to the extent that Merck is concerned about the disclosure of potentially sensitive information, Plaintiffs state that they are willing to enter into a Protective Order with the parties containing an "attorney's eyes only" provision to accommodate these concerns. Id. at p. 8.

In its Opposition papers, Merck argues that Plaintiffs improperly seek to compel the production of confidential and proprietary information from Merck, and that it is wholly irrelevant

3

and cannot be used by Plaintiffs to support their claims against Defendants. See Merck's Br. at p. 1. Merck contends that its analysis and valuation of Odanacatib have absolutely no bearing on what Defendants knew or what actions they should have taken in recommending the sale of Celera Corporation, since that information was not provided to or available to Defendants at the time. Id. at p. 5. In support of its argument, Merck cites a recent opinion, In re Garden City Employees' Retirement System v. Psychiatric Solutions, Inc., Misc. A. No. 13-238, 2014 WL 272088 at *6 (E.D. Pa. Jan. 24, 2014), in which the Court quashed a third-party Subpoena in a securities fraud class action on relevance grounds. See Merck's Brief at pp. 5-6. Merck further asserts that Plaintiffs' document requests are overbroad and unduly burdensome. Id. at p. 8. Even after Plaintiffs narrowed their initial requests, Merck asserts that the requested documents encompass too wide a range. Id. Merck also argues that the production of these documents would be extremely expensive and that Plaintiffs are attempting to utilize it as an unpaid expert witness. Id. at p. 9.

In addition, Merck contends that production of documents relating to any analysis or valuation of Odanacatib would require disclosure of Merck's proprietary methodology, which a Protective Order would not address. See Merck's Br. at p. 9. Merck claims that since its analyses and valuations would be relied on substantially by Plaintiffs or Defendants, it would be virtually impossible for the Protective Order to adequately protect Merck's interests. Id. at p. 10. Merck instead puts forth that Plaintiffs could easily hire an expert witnesses to develop an analysis of the likelihood of commercialization of Odanacatib based on the information in Defendants' possession. Id. Therefore, Merck concludes, Plaintiffs' Motion to Compel should be denied, and Merck should be awarded the fees and costs incurred in responding to the Subpoena and Motion. See Merck's Br. at p. 11.

In their reply papers, Plaintiffs contend that Merck's analysis of Odanacatib is highly relevant to the underlying case, since its analysis could serve as an important data point to establish the true value of the drug. See Plaintiff's Reply at p. 1, dkt. no. 9. For this reason alone, Plaintiffs argue that any documents relating to Merck's analyses and valuations fall within the scope of Rule 45. Id. at p. 2. Further, Plaintiffs assert that Merck misquoted its main source of case law, Garden City, where the subpoenaed documents were found to be irrelevant due to their remoteness in time. Here, Plaintiffs argue, no such substantial gap in time exists and Merck does not contend otherwise. Moreover, since the requested information could bear on both Defendants' liability and Plaintiffs' damages, Plaintiffs' request is not overbroad as it is reasonably calculated to discover important information. Lastly, Plaintiffs argue that the parties in the underlying litigation have no interest in violating the Stipulated Protective Order governing confidential information elicited in the case. See Pls.' Reply at p. 4. Therefore, Plaintiffs maintain that the Motion to Compel should be granted.

## IV.   ANALYSIS

The Court finds that Plaintiffs have met their burden and established grounds to compel Merck to produce the requested documents in compliance with this Subpoena Duces Tecum pursuant to Rule 45. As an initial matter, the analyses and valuations of Odanacatib by Merck are relevant to Plaintiffs' underlying case, since a substantial aspect of the case pertains to Defendants' assessments of Odanacatib. Specifically, Merck's analyses and valuations of Odanacatib could serve as important data points to establish the true value of the drug. This is especially so, since a central issue in the underlying case is Defendants' alleged misstatements regarding the values of their assets. Contrary to Defendants' argument, the fact that Merck's valuations of the drug were not shared with Defendants does not make Plaintiffs' requests for documents concerning Odanacatib's value irrelevant. See Wyeth v. Abbott Labs., Civ. Act. No. 08-230, 2011 WL

5

2429318 at *8 (D.N.J. June 13, 2011). Moreover, Merck's reliance on Garden City is misguided. Unlike Garden City, the Court finds that the documents requested by Merck are not so remote in time to be irrelevant. Indeed, this fact is not contested by Merck.

Furthermore, the Court notes that Plaintiffs have considerably narrowed the initial requests in the Subpoena, from all documents relating to Odanacatib to only those relating to any analysis or valuation prepared in 2010 or 2011. See Plaintiff's Br. at pp. 2-3. Accordingly, the Court finds that Plaintiffs' narrowed request does not impose an undue burden on Merck, since the request is tailored to provide Plaintiffs with information that goes directly to the core of the underlying case. On the other hand, Merck provides only conclusory claims that do not adequately demonstrate any undue burden it will incur in producing the requested information regarding Odanacatib.

As a final matter, the Court recognizes Merck's confidentiality concerns. Nonetheless, the Court finds that these concerns can be addressed by supplementing the Parties' existing Stipulated Protective Order with an "Attorneys' Eyes Only" provision. Merck's argument that such a provision is insufficient is unpersuasive.

V. **CONCLUSION AND ORDER**

The Court having considered the materials submitted and the arguments of counsel, and for the reasons set forth above;

**IT IS** this 27th day of August, 2014

**ORDERED** that Plaintiff's Motion to compel Merck's compliance with Subpoena Duces Tecum [dkt. no. 1] is **GRANTED.** Merck is directed to produce the requested documents within ten (10) days; and it is

**FURTHER ORDERED** that no attorneys' fees or costs are assessed against any party.

s/ Douglas E. Arpert_____
**DOUGLAS E. ARPERT, U.S.M.J.**